BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
SILVER STREAMS LTD.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SILVER STREAMS LTD.,

           Plaintiff,

  -against-

ONTO SHIPPING INTERNATIONAL INC.,

           Defendant.
------------------------------------------------------------------X

08 Civ.

**VERIFIED COMPLAINT**

Plaintiff, SILVER STREAMS LTD. ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendant ONTO SHIPPING INTERNATIONAL INC., ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation organized under and existing by virtue of the laws of St. Vincent and the Grenadines, with an office and place of business at Egmont Street, Kingstown, St. Vincent, West Indies.

3. Upon information and belief, at all material times, Defendant was and still is a foreign corporation with an office and place of business at 1205 Room, Cheng Da Building, No. 71 Remin Road, Zhongshan Zone, Dalian, Liaoning, 116001, China.

4. At all material times, Plaintiff was the owner of the M/V OCEAN STARLET ("Vessel").

5. On or about April 11, 2005, Plaintiff, as owner, and Defendant, as charterer, entered into a New York Produce Exchange (1993) charter agreement ("Charter Agreement") whereby Plaintiff agreed to let, and Defendant agreed to hire, the Vessel for a "period of 30 days up to 7 day more or less in Charterers' option, Charterers' option for a further 12 months with 30 days more or less in Charterers' option." Pursuant to this agreement, the Vessel was delivered to Defendant at 11:30 a.m. on April 16, 2005 and redelivered to Plaintiff on May 6, 2006.

6. Clause 9 of the Agreement required that Defendant redeliver the Vessel "with bunkers on board about the same as on delivery." Defendant delivered the Vessel to Plaintiff with a significantly smaller quantity of bunkers than were aboard when Plaintiff delivered the Vessel to Defendant, thereby breaching the Charter Agreement.

7. In accordance with a binding arbitration clause in the Charter Agreement, the Plaintiff commenced arbitration proceedings in London, England to recover the amounts due from Defendant, as aforesaid.

8. An arbitration tribunal issued a final arbitration award on April 23, 2007, finding that Defendant was required to pay Plaintiff the principal sum of $41,260.80, together with interest from June 6, 2006 until the date of the award at a rate of 8% per annum, compounded quarterly.

9. Plaintiff was also entitled to recover under the award, costs related to the final Arbitration Award in the amount of £5,650.00, or $11,227.68 at the April 2, 2008 exchange rate of USD 1=GBP 0.50327, together with interest thereon at a rate of 7.25% per annum, compounded quarterly from April 23, 2007 until the date of payment of the award by Defendant.

2

10. The arbitration tribunal also issued an award of costs on March 18, 2008, finding that the Defendant was required to pay Plaintiff's attorneys' fees in the amount of £5,664.00, or $11,255.50 at the April 2, 2008 exchange rate of USD 1=GBP 0.50327, together with interest at a rate of 7.25% per annum, compounded quarterly from March 18, 2008 until the date of payment of the award by Defendant.

11. The total sum due Plaintiff under the April 23, 2007 and March 18, 2008 arbitration awards, inclusive of paragraphs 8-10 above, is:

| | | |
|---|---|---|
| a. | Principal amount | $41,260.80 |
| b. | Interest on (a) at 8% from June 6, 2006 to April 23, 2007 | $2,988.61 |
| c. | Costs of final arbitration award | $11,227.68 |
| d. | Interest on (c) at 7.25% from April 23, 2007 to present | $867.23 |
| e. | Attorneys' fees | $11,255.50 |
| f. | Interest on (e) at 7.25% from March 18, 2008 to present | $55.53 |
| | TOTAL | $67,655.35 |

12. Plaintiff seeks to enforce the London arbitration award in Plaintiff's favor and this action is in aid of said arbitration proceedings, as aforesaid, in accordance with 9 U.S.C. §8.

13. Upon information and belief, Defendant cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but is believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts, and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank;

3

Mashreq Bank; Standard Chartered PLC; Bank of America; BNP Paribas New York; Deutsche Bank; HSBC; Bank of New York; J.P. Morgan Chase; Citibank, Bank of China; Wachovia Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; and UBS AG, which are believed to be due and owing to the Defendant.

Plaintiff prays:

A.  That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That because the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts, and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Mashreq Bank; Standard Chartered PLC; Bank of America; BNP Paribas New York; Deutsche Bank; HSBC; Bank of New York; J.P. Morgan Chase; Citibank, Bank of China; Wachovia Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; and UBS AG, which are due and owing to the Defendant, in the amount of $67,655.35, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C.  That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D.  That Plaintiff have such other, further and different relief as this Court may deem

4

just and proper.

Dated: New York, New York
      April 11, 2008

                                  BROWN GAVALAS & FROMM LLP
                                  Attorneys for Plaintiff
                                  SILVER STREAMS LTD.

                        By: _____
                                  Peter Skoufalos (PS- 0105)
                                  355 Lexington Avenue
                                  New York, New York 10017
                                  212-983-8500

## VERIFICATION

STATE OF NEW YORK    )
                                    : ss.:
COUNTY OF NEW YORK  )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
PETER SKOUFALOS

Sworn to before me this
11th day of April 2008

_____
Notary Public

MICHAEL PATRICK NAUGHTON
Notary Public, State of New York
No. 02NA6041352
Qualified in Nassau County
Commission Expires 05/08/2008